# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STEPHEN D. COOK, DOCTOR; IN HIS CAPACITY AS CO-TRUSTEE OF MARSHALL HERITAGE FOUNDATION,

*PLAINTIFF – APPELLEE*

V.

PRESTON L. MARSHALL, IN HIS CAPACITY AS CO-TRUSTEE OF PEROXISOME TRUST,

*DEFENDANT – APPELLANT*

_____

STEPHEN D. COOK, DOCTOR; IN HIS CAPACITIES AS CO-TRUSTEE OF THE MARSHALL LEGACY FOUNDATION AND MARSHALL LEGACY FOUNDATION,

*PLAINTIFF-APPELLEE*

V.

PRESTON L. MARSHALL, BOTH IN HIS OFFICIAL CAPACITY AS CO-TRUSTEE OF PEROXISOME TRUST, AND IN HIS PERSONAL CAPACITY,

*DEFENDANT-APPELLANT*

Appeal from the United States District Court for the Eastern District of Louisiana Docket No. 17-5368 C/W 21-2139, The Honorable Eldon E. Fallon

# ORIGINAL BRIEF ON BEHALF OF PLAINTIFF-APPELLEE
# DR. STEPHEN D. COOK

PHILIP K. JONES, JR. (#7503)  MICHAEL REESE DAVIS (#17529)
KELLY T. SCALISE (#27110)  TIM P. HARTDEGEN (#27496)
**Liskow & Lewis, APLC**  **Hymel Davis & Petersen, L.L.C.**
701 Poydras Street, Suite 5000  10602 Coursey Boulevard
New Orleans, LA 70139  Baton Rouge, LA 70816
(504) 581-7979 – Telephone  (225) 298-8118 – Telephone
pkjones@liskow.com  mdavis@hymeldavis.com
ktscalise@liskow.com  thartdegen@hymeldavis.com

*Counsel for Dr. Stephen D. Cook, in his capacity as Co-Trustee of The Marshall Heritage Foundation and in his capacity as Co-Trustee of the Marshall Legacy Foundation*

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

STEPHEN D. COOK, DOCTOR; IN HIS CAPACITY AS CO-TRUSTEE OF
MARSHALL HERITAGE FOUNDATION,

*PLAINTIFF – APPELLEE*

V.

PRESTON L. MARSHALL, IN HIS CAPACITY AS CO-TRUSTEE OF
PEROXISOME TRUST,

*DEFENDANT – APPELLANT*

_____

STEPHEN D. COOK, DOCTOR; IN HIS CAPACITIES AS CO-TRUSTEE OF
THE MARSHALL LEGACY FOUNDATION AND MARSHALL LEGACY
FOUNDATION,

*PLAINTIFF-APPELLEE*

V.

PRESTON L. MARSHALL, BOTH IN HIS OFFICIAL CAPACITY AS CO-
TRUSTEE OF PEROXISOME TRUST, AND IN HIS PERSONAL CAPACITY,

*DEFENDANT-APPELLANT*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

## Plaintiff/Appellee

Dr. Stephen D. Cook, as Co-Trustee of The Marshall Heritage Foundation and the Marshall Legacy Foundation, represented by the following attorneys of record:

Philip K. Jones, Jr. (Bar #7503)
Kelly T. Scalise (Bar #27110)
*Liskow & Lewis, APLC*
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
pkjones@liskow.com
ktscalise@liskow.com

Michael Reese Davis (Bar #17529)
Tim P. Hartdegen (Bar #27496)
*Hymel Davis & Petersen, L.L.C*
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
mdavis@hymeldavis.com
thartdegen@hymeldavis.com

## Defendant/Appellant

Preston L. Marshall, as Co-Trustee of the Peroxisome Trust, represented by the following attorneys of record:

James M. Garner
Ashley G. Coker
*Sher Garner Cahill Richter Klein & Hilbert, LLC*
909 Poydras Street, 27th Floor
New Orleans, Louisiana 70112
Telephone:  504-299-2100
jgarner@shergarner.com
acoker@shergarner.com

David C. Frederick
Scott K. Attaway
Catherine M. Redlingshafer
*Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.*
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone:  202-326-7900
dfrederick@kellogghansen.com
sattaway@kellogghansen
credlingshafer@kellogghansen

Daniel A. Kramer
*Lundy, L.L.P.*
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: 337-439-0707
dkramer@lundyllp.com

ii

## Other Interested Parties

Elaine T. Marshall is a Co-Trustee of The Marshall Heritage Foundation and Marshall Legacy Foundation. Counsel of record for Elaine T. Marshall in the case below:

Christopher J. Akin
*Lynn Pinker Hurst & Schwegmann LLP*
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: 214-981-3812
cakin@lynnllp.com

E. Pierce Marshall, Jr. is a Co-Trustee of the Peroxisome Trust and a Co-Trustee of The Marshall Heritage Foundation. Counsel of record for E. Pierce Marshall, Jr. in the case below:

Walter M. Sanchez
*Sanchez Burke LLC*
1200 Ryan Street
Lake Charles, Louisiana 70605
Telephone: 337-433-4405
Walt@sanchezburke.com

/s/ *Philip K. Jones Jr.*
Philip K. Jones Jr.
*Counsel for Dr. Stephen D. Cook, in his capacity as Co-Trustee of The Marshall Heritage Foundation and as Co-Trustee of Marshall Legacy Foundation*

## STATEMENT REGARDING ORAL ARGUMENT

There are no genuine issues of material fact or law. Rather, this appeal presents solely issues of whether the district court correctly applied the governing law to the undisputed facts. As discussed *infra*, the personal liability of Defendant-Appellant Preston L. Marshall ("Preston") and the amount of damages suffered by the foundations Plaintiff-Appellee Dr. Stephen D. Cook ("Dr. Cook") represents as a co-trustee are not in dispute. Instead, Preston offers two procedural defenses (*res judicata* and failure to join indispensable parties) that were rejected by the district court. Indeed, Judge Eldon E. Fallon of the Eastern District of Louisiana had presided over the prior suit on which the *res judicata* arguments were based. The other defense offered by Preston is a combination of comparative fault and mitigation for which there is absolutely no factual or legal basis. One of the arguments had in fact been rejected in the prior litigation establishing that Preston had breached his fiduciary duties that he owed to the Foundations. There are simply no factual issues to decide or legal issues to be resolved by this Court. For this reason, Dr. Cook believes that the Court can resolve this appeal without oral argument. He requests that this appeal be placed on the summary calendar of this Court pursuant to Rule 34.13 of the Rules of the United States Court of Appeals for the Fifth Circuit.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................iv

TABLE OF CONTENTS....................................................................................v

TABLE OF AUTHORITIES ............................................................................ vii

I.      STATEMENT OF JURISDICTION ...........................................................2

II.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..................2

III.    STATEMENT OF THE CASE ...................................................................3

        A.      The Peroxisome Trust ...................................................................4

        B.      The Declaratory and Injunctive Suit ...........................................6

        C.      Actions of Dr. Cook to Enforce the Judgment..............................8

        D.      The Removal and Damages Suit …………………………………14

IV.     SUMMARY OF ARGUMENT...................................................................18

V.      ARGUMENT...........................................................................................20

        A.      Standard of Review .......................................................................20

        B.      *Res judicata* Does Not Apply.........................................................21

                1.      The Parties Are Not the Same. ……………………………22

                2.      The Causes of Action Did Not Exist at the Time
                        the Judgment……………………………………………………29

                3.      The Causes of Action Did Not Arise Out of the
                        Same Transaction or Occurrence.……………………………33

4. Preston Should be Estopped from Arguing that the Parties Are the Same…………..…………………………...34

C. There Was No Failure to Join Necessary and Indispensable Parties. ..........................................................37

D. The Allegations of Comparative Fault and Failure to Mitigate Were Correctly Rejected by the District Court. ...................41

1. There is Not Any Factual Basis for the Assertion of Comparative Fault Against Mrs. Marshall or Pierce...........................................................................41

2. Pierce and Mrs. Marshall Did Not Owe Preston a Duty to Mitigate as a Matter of Law.........................................45

3. Dr. Cook Has Fully Mitigated Damages. ..................................48

VI. CONCLUSION..................................................................................50

CERTIFICATE OF COMPLIANCE......................................................51

CERTIFICAE OF ELECTRONIC COMPLIANCE ...............................52

# TABLE OF AUTHORITIES

## Cases

*Akin v. PAFEC, Ltd.*,
   991 F.2d 1550 (11th Cir. 1993) ...........................................................23

*Arredondo v. Elwood Staffing Services, Inc.*,
   81 F.4th 419 (5th Cir. 2023) ...............................................................46

*B.A. Kelly Land Co., LLC v. Aethon United BR LP*,
   54,115 (La. App. 2 Cir. 9/22/21), 327 So. 3d 1071 ...........................25

*Bailey v. Khoury*,
   2004-0620 (La. 1/20/05), 891 So. 2d 1268 ........................................31

*Blair v. City of Greenville*,
   649 F.2d 365 (5th Cir. 1981) .......................................................... 29, 30

*Borja v. FARA*,
   2016-0055 (La. 10/19/16), 218 So. 3d 1 .............................................21

*Breen v. Breen*,
   2021-1583 (La. App. 1 Cir. 7/6/23), 370 So. 3d 1095 ........................25

*Brown v. Schwegmann*,
   2002-1509 (La. App. 4 Cir. 12/10/03), 861 So.2d 862 .......................46

*Burell v. Prudential Ins. Co. of America*,
   820 F.3d 132 (5th Cir. 2016) ...............................................................20

*Burguieres v. Pollingue*,
   2002-1385 (La. 2/25/03), 843 So. 2d 1049 .................................... 22, 23

*Chouest v. Chouest,*
   2018-1484 (La. App. 1 Cir. 12/19/19), 292 So.3d 68 .........................46

*Clark v. Amoco Production Co.,*
   794 F.2d 967 (5th Cir. 1986) ...............................................................23

*Colbert v. First NBC Bank*,
   No. 13-3043, 2014 WL 1329834 (E.D. La. March, 31, 2014) ............37

*Colorado River Water Conservation District v. United States*,
   424 U.S. 800 (1976) ........................................................................7, 16

*Contrast Succession of Carpenter*,
   22-192 (La. App. 5 Cir. 2/1/23), 358 So. 3d 874.................................25

*Cooper v. WestEnd Capital Mgt., LLC*,
   No. 12-2572, 2013 WL 4525655 (E.D. La. Aug. 26, 2013)................33

*Dampier v. Rouses Enterprises, L.L.C.*,
   No. 11-3062, 2012 WL 4482946 (E.D. La. Sept. 28, 2012)...............39

*Decoulos v. Town of Aquinnah*,
   No. 17-11532, 2018 WL 3553351 (D. Mass. July 24, 2018) .............28

*Dotson v. Atlantic Specialty Ins. Co.*,
   24 F.4th 999 (5th Cir. 2022) .................................................. 21, 22, 33

*Ebinger v. Venus Constr. Corp.*,
   2010-2516 (La. 2011), 65 So. 3d 1279 ...............................................31

*Favela v. Collier*,
   91 F.4th 1210 (5th Cir. 2024) ..............................................................21

*Freeman v. Northwest Acceptance Corp.*,
   754 F.2d 553 (5th Cir. 1985)................................................................40

*Gibert v. Kennedy*,
   95-117 (La. App. 5 Cir. 11/15/95), 665 So. 2d 449.............................29

*Guidry v. State Farm Mut. Auto. Ins. Co.*,
   2021-80808 (La. 11/10/21), 326 So. 3d 1224......................................21

*Harvey v. Dixie Graphics, Inc.*,
   593 So. 2d 351 (La. 1992)....................................................................32

*Henkelmann v. Whiskey Island Preserve, LLC*,
   2013-0180 (La. App. 1 Cir. 5/15/14), 145 So. 3d 465.........................33

*Herpich v. Wallace*,
   430 F.2d 792 (5th Cir. 1970)................................................................39

*Howell Hydrocarbons, Inc. v. Adams*,
  897 F.2d 183 (5th Cir. 1990) ......................................................................... 23, 24

*In & Out Welders, Inc. v. H&E Equipment Services, Inc.*,
  No. 16-86, 2017 WL 1015312 (M.D. La. March 15, 2017) ...............................33

*In re Coastal Plains, Inc.*,
  179 F.3d 197 (5th Cir. 1999) ..............................................................................36

*In re Finova Capital Corp.*,
  358 B.R. 113 (Bkrtcy. D.Del. 2006) ...................................................................37

*In re Smyth*,
  No. 00-50842, 2001 WL 1013183 (5th Cir. Aug. 7, 2001) ................................28

*In Re: Marshall Legacy Foundation*,
  No. 2023-522, 2024 WL 2947780 (La. App. 3 Cir. June 12, 2024) ....................5

*In re: Sovereign Partners*,
  179 B.R. 656 (D. Nev. 1995) ..............................................................................23

*J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*,
  No. 14-2580, 2015 WL 2383841 (E.D. La. May 19, 2015) ................................34

*Julius Cohen Jewelers, Inc. v. Succession of Jumonville*,
  506 So. 2d 535 (La. App. 1st Cir. 1987) .............................................................47

*Kelty v. Brumfield*,
  633 So. 2d 1210 (La. 1994) .................................................................................21

*Love v. Tyson Foods, Inc.*,
  677 F.3d 258 (5th Cir. 2012) ......................................................................... 34, 35

*Mabey v. Dixie Elec. Membership Corp.*,
  No. 06-30774, 2007 WL 2253503 (5th Cir. Aug. 7, 2007) ................................47

*Mason v. Auto Club Family Ins. Co.*,
  No. 10-2619, 2010 WL 4924766 (E.D. La. Nov. 29, 2010) ...............................29

*Matherne v. TWH Holdings, L.L.C.*,
  2012-1878 (La. App. 1 Cir. 12/6/13), 136 So. 3d 854 .......................................25

*Matter of 3 Star Properties, L.L.C.*,
6 F.4th 595 (5th Cir. 2021) .................................................................20

*McCalmont v. McCalmont*,
2019-738 (La. App. 3 Cir. 4/29/20), 297 So. 3d 1057........................27

*Meza v. General Battery Corp.*,
908 F.2d 1262 (5th Cir. 1990) ............................................................26

*Moss v. Princip*,
913 F.3d 508 (5th Cir. 2019)...............................................................40

*New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey*,
2021-0202 (La. App. 4 Cir. 11/30/12), 104 So. 3d 714................ 28, 29

*Oakes v. Countrywide Home Loans, Inc.*,
No. 07-9743, 2021 WL 2327920 (E.D. La. June 19, 2012) ...............31

*PHH Mortgage Corp. v. Old Republic Nat'l Title Ins. Co.*,
80 F.4th 555 (5th Cir. 2023) ......................................................... 20, 37

*Russell v. SunAmerica Securities, Inc.*,
962 F.2d 1169 (5th Cir. 1992) ............................................................24

*Union Pacific Railroad Co. v. City of Palestine, Texas*,
41 F.4th 696 (5th Cir. 2022) ...............................................................20

*Unverzagt v. Young Builders, Inc.*,
215 So.2d 823 (La. 1968)............................................................. 47, 49

*Wagoner v. Chevron USA, Inc.,*
48,119 (La. App. 2 Cir. 7/24/13), 121 So. 3d 727 .............................23

*Zurich Am. Ins. Co. v. Cox*,
2013-630 (La. App. 3 Cir. 12/11/13), 128 So. 3d 644........................25

**Statutes**

28 U.S.C. §1961 ..................................................................................18

31 U.S.C. § 3713 ..................................................................... 10, 13, 50

La. Civ. Code art. 1556.........................................................................4

La. Civ. Code art. 2002 ..........................................................45

La. Rev. Stat. § 13:4231 .........................................................22

La. Rev. Stat. § 9:2114...................................................... 38, 41

La. Rev. Stat. § 9:2205 ...........................................................39

La. Rev. Stat. §13:4231(1) .......................................................21

La. Rev. Stat. § 9:1789(A) .......................................................17

La. Rev. Stat. § 9:2113............................................................6

La. Rev. Stat. § 9:1789...........................................................29

## Other Authorities

18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE,
    § 131.40[2] (3d ed. 2002)...................................................23

*Federal Practice and Procedure*, §1604 (3d ed. 2021).........................37

Saul Litvinoff, *Damages, Mitigation and Good Faith*,
    73 TUL. L. REV. 1161, 1171-1993 (1999) ................................45

## Rules

Fed. R. Civ. P. 19 ...............................................................20

Fed. R. Civ. P. 19(a)........................................................ 37, 38

Fed. R. Civ. P. 19(b) ...........................................................40

Fed. R. Civ. P. 70 ...............................................................6

**MAY IT PLEASE THE COURT:**

Dr. Cook is a co-trustee of two Louisiana charitable foundations that are the beneficiaries of the Peroxisome Trust: The Marshall Heritage Foundation ("TMHF") and Marshall Legacy Foundation ("MLF") (collectively "Foundations"). The Foundations' sole function is to donate to charity, and the Peroxisome Trust provides funding for the Foundations.[1] Preston, as co-trustee of the Peroxisome Trust, repeatedly breached his fiduciary duties by refusing to authorize distributions to the Foundations, necessitating Dr. Cook filing suit against Preston on behalf of TMHF to force him to release the distributions. Judge Fallon ruled that Preston had breached his trust and fiduciary duties as a co-trustee of the Peroxisome Trust and ordered Preston to effectuate distributions to TMHF. ROA.1860. This Court upheld the judgment. ROA.2237-2247.

Despite these rulings, Preston **continued** breaching those duties and refused to comply with the judgment, causing over $10 million in damages to the Foundations. These actions formed the basis of this suit that Dr. Cook brought to remove Preston as co-trustee of the Peroxisome Trust and to hold him personally liable for the damages suffered by the Foundations. No matter how he tries to reframe the issues, Preston cannot avoid the fact that this second suit relates to his actions **after** the judgment rendered in the earlier suit. He also cannot be relieved of

---

[1] The Foundations also receive funding from other sources in addition to the Peroxisome Trust.

liability for his misconduct, the type for which he has *already been found liable* and for which continued and even expanded causing damage.

Preston seeks to escape a damages award of over $10 million and removal as co-trustee of the Peroxisome Trust. Preston does not challenge Judge Fallon's legal conclusions of misconduct and resultant damage of over $10 million to the beneficiary Foundations. Instead, he claims that the prior action should have sought his removal and damages. The problem for Preston is that the damages arose after the events in the prior action had occurred and Preston's misconduct occurred after the judgment. Judge Fallon correctly applied the governing law, and the judgments should be affirmed summarily in all respects.

## I.      STATEMENT OF JURISDICTION

Dr. Cook agrees with Preston's Statement of Jurisdiction except to the extent that Preston disputes that the district court had subject matter jurisdiction over this case under 28 U.S.C. §1332 as a case between citizens of different states with the amount in controversy exceeding $75,000.00 exclusive of interest and costs.

## II.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Whether the district court correctly denied Preston's motion to dismiss based on *res judicata*.

2.      Whether the district court abused its discretion when it denied Preston's motion to dismiss based on the alleged failure to join indispensable parties under Federal Rule of Civil Procedure 19.

3.      Whether the district court correctly rejected the assertions by Preston of comparative fault by Elaine T. Marshall or E. Pierce Marshall, Jr. and the alleged failure to mitigate on the part of Dr. Cook.

## III.    STATEMENT OF THE CASE

The facts in this case are not in dispute.  The personal liability of Preston to the Foundations is not in dispute.  The amount of damages sustained by the Foundations is not in dispute.  In the first litigation, Preston was found to have committed a breach of trust to TMHF and ordered to effectuate the required distributions to TMHF.  This Court affirmed the judgment in all respects.  Because of his refusal to comply with the judgment, the Foundations suffered over $10 million in damages.  The Foundations then sued to have Preston removed as a co-trustee of the Peroxisome Trust and to recover from him personally the damages suffered.  The district court granted the requested summary judgments.  This appeal presents only issues of applying governing law to undisputed facts, none of which concern the actual liability of Preston as found by the district court.

## A.  The Peroxisome Trust

Mrs. Elaine T. Marshall ("Mrs. Marshall") and her late husband, E. Pierce Marshall had two sons, E. Pierce Marshall, Jr. ("Pierce") and Preston.  ROA.2238. After decades of the Marshall family donating to charity through the Marshall Heritage Foundation, Mrs. Marshall donated an additional $100,000,000 in 2011 to fund a new trust called the Peroxisome Trust.  ROA.2238.  The Marshall Heritage Foundation was designated the charitable beneficiary of the Peroxisome Trust. ROA.56, 2238.  The Peroxisome Trust is a Louisiana nongrantor charitable lead annuity trust under the Internal Revenue Code, subject to income tax.  ROA.56, 3704.  To avoid such taxation, the Peroxisome Trust receives a specific sum of funds annually and distributes this same amount to its charitable beneficiary to offset income.  ROA.3704-3705.  Mrs. Marshall designated Preston and Pierce to be co-trustees of the Peroxisome Trust.  ROA.56-57, 2238.  She also named Preston and Pierce as the principal or remainder beneficiaries of the Peroxisome Trust.  ROA.56-57.[2]  The Peroxisome Trust required an annual annuity payment to the Marshall Heritage Foundation of $6,647,126 in equal quarterly installments for a period of twenty years.  ROA.56, 2238.

---

[2] Because of Preston's offensive and grievous conduct toward her, Mrs. Marshall has sought to revoke for ingratitude her donation to Preston of half of the remainder interest in the Peroxisome Trust, under La. Civ. Code art. 1556 *et seq*.  *See In Re: Peroxisome Trust*, Docket No. 2015-4582, 14th JDC, Parish of Calcasieu, State of Louisiana ("Ingratitude Case").

In the fall of 2013, there were significant disagreements between the brothers. ROA.2238. Mrs. Marshall, Preston, Pierce, and Dr. Cook, as co-trustees of the Marshall Heritage Foundation, unanimously agreed to divide this foundation into two new trusts, TMHF and MLF, and to distribute Marshall Heritage Foundation's assets and obligations equally to TMHF and MLF. ROA.2338. Pierce, Dr. Cook, and Mrs. Marshall became co-trustees of TMHF, and Preston, Dr. Cook and Mrs. Marshall became co-trustees of MLF.[3] ROA.2238-2239. Mrs. Marshall sought authorization to divide the Marshall Heritage Foundation from the Fourteenth Judicial District Court, which was granted in an order dated December 23, 2013. ROA.94, 2238. The order also authorized—but did not require—Preston and Pierce as co-trustees to agree upon such a division of the Peroxisome Trust. ROA.94, 2238. Preston and Pierce have not agreed on a division, and the Peroxisome Trust remains undivided. ROA.2239.

Following the division of the Marshall Heritage Foundation, the Peroxisome Trust was obligated to pay half of the total original annuity amount to each of the

---

[3] Preston incorrectly claims that Dr. Cook's status as a co-trustee of the Foundations is a "disputed issue in pending state-court litigation." Appellant Brief at 7 n.2. Preston has never disputed Dr. Cook's status as co-trustee of TMHF in state court. In the prior suit, Preston's unsuccessful challenge to Dr. Cook's status as co-trustee of TMHF was rejected by the district court, which this Court affirmed. Preston only challenged Dr. Cook's status as a co-trustee of MLF in the Louisiana Fourteenth Judicial District Court. Following a trial in March 2023, the state court rejected the challenge, which was affirmed by the Louisiana Third Circuit Court of Appeal. *See In Re: Marshall Legacy Foundation*, No. 2023-522, 2024 WL 2947780 (La. App. 3 Cir. June 12, 2024). Preston has an application for writs of certiorari pending in the Louisiana Supreme Court.

Foundations. ROA.2239. Preston and Pierce, as co-trustees, authorized quarterly annuity payments from April 2014 through June 2016 to the Foundations. ROA.1071-1074, 2239. However, Preston refused to authorize payments after June 2016 to the Foundations although Pierce had executed the authorizations. ROA.1848, 2239.[4]

## B.     The Declaratory and Injunctive Suit

Based on Preston's refusal to allow distributions from Peroxisome Trust, the co-trustees of TMHF authorized Dr. Cook to file suit against Preston. ROA.53-54. On May 30, 2017, Dr. Cook, in his capacity as co-trustee of TMHF, filed a Complaint for Declaratory and Injunctive Relief against Preston *solely* in his capacity as co-trustee of the Peroxisome Trust ("Dec Suit").[5] ROA.45-64. Dr. Cook sought a mandatory injunction ordering Preston to effectuate past and future distributions to TMHF. ROA.51. Dr. Cook also sought a declaration that Preston's refusal to authorize the distributions was a breach of trust and fiduciary duty. ROA.51. In the alternative, Dr. Cook sought, pursuant to Federal Rule of Civil Procedure 70, the authorization of a third party, such as the Clerk of Court, to act in place of Preston. ROA.51. Dr. Cook did not disclaim damages, as Preston has

---

[4] La. R.S. § 9:2113 provides, "If there are two trustees, the powers conferred upon them shall be exercised only by both of them, unless it is otherwise provided by the trust instrument or by order of the proper court."

[5] Dr. Cook also alluded to the possible adverse tax effects that Preston's actions could cause the Peroxisome Trust in the future. ROA.49-50 (¶¶ 23-24).

alleged. Appellant Brief at 54. Instead, "[i]n the interest of maximizing the funds available for the charitable work of each trust," Dr. Cook disclaimed seeking any award for "costs, attorneys fees or other such monetary award" from the Peroxisome Trust. ROA.51 (¶ 29).

After his attempt to dismiss the Dec Suit based on abstention failed,[6] Preston filed an Answer and Defenses to Complaint for Declaratory and Injunctive Relief. ROA.65-145, 363-365, 367-374. At no point in the Dec Suit did Preston allege a failure to join Mrs. Marshall or Pierce as co-trustees of TMHF or Peroxisome Trust as indispensable parties. In April 2018, Dr. Cook filed a revised motion for summary judgment. ROA.1044-1127. In his opposition and cross-motion for summary judgment, Preston argued as justification for his refusal to make distributions from the Peroxisome Trust, *inter alia*, that the Peroxisome Trust should have been divided. ROA.1193-1213, 1764-1776.

On February 25, 2019, the district court granted Dr. Cook's motion for summary judgment and denied Preston's. ROA.1847-1859. It rejected all of Preston's justifications for his refusal to authorize the payments. ROA.1847-1859. The February 26, 2019 Judgment ("Judgment") declared that Preston had breached

---

[6] Preston asserted that under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the district court should abstain due to "parallel proceedings" then pending in the Louisiana Fourteenth Judicial District Court. ROA.71-81. Judge Jay Zainey disagreed and held "the case is properly in federal court pursuant to diversity jurisdiction." ROA.364. Subsequently, Judge Zainey recused himself, and Judge Fallon was assigned the case. ROA.1333.

his trust and fiduciary duties as a co-trustee of the Peroxisome Trust and ordered Preston to effect the past and future distributions to TMHF from the Peroxisome Trust. ROA.1860. Finally, the Judgment granted Dr. Cook's request to authorize a third party to execute the documents necessary to make the distributions in the event Preston refused to do so. ROA.1860. At this time, the Peroxisome Trust had sufficient funds to satisfy its obligations to the Foundations.

### C. Actions of Dr. Cook to Enforce the Judgment

On March 1, 2019, three days after entry of the Judgment, Dr. Cook requested that Preston execute the required payment authorizations to TMHF in accordance with the Judgment. ROA.1866-1870. Preston failed to do so. ROA.1862. On March 11, 2019, with requested expedited consideration, Dr. Cook filed a motion to enforce the Judgment and to authorize the Clerk of Court to execute the necessary documents. ROA.1861-1882. At this time, the Internal Revenue Service ("IRS") had not issued any tax notices. Rather than comply with the Judgment, Preston appealed. ROA.1883-1884. On March 12, 2019, Preston filed a notice of appeal and a motion for stay of judgment pending appeal. ROA.1883-1904. He argued that there was "no risk or harm" to TMHF from delay in satisfying the Judgment. ROA.1883-1904. Dr. Cook opposed the motion, asserting possible tax liability arising from the failure of the Peroxisome Trust to make distributions to its charitable beneficiaries. ROA.1915-1926.

While the appeal was pending, Preston took no action. ROA.2274-2279, 9609. He failed to satisfy the Peroxisome Trust's distribution requirements despite Pierce's demands. ROA.2276. Had the required distributions been made, the Peroxisome Trust would not have incurred the taxes, interest, and penalties that it subsequently did incur. ROA.3705-3706, 9610. Preston also failed to execute tax returns for the Peroxisome Trust despite repeated demands by Pierce. ROA.2274-2348, 9609-9613. On April 1, 2019, Preston refused Pierce's demand to authorize an application for an extension of time for filing the Peroxisome Trust's tax returns. ROA.2280-2284. Shortly thereafter, on April 29, 2019, the IRS issued its first tax notice, stating that the Peroxisome Trust's 2017 tax return had not been filed.[7] ROA.2285-2288. The IRS issued another notice on June 3, 2019. ROA.2289-2295. Preston again refused to cooperate with Pierce and took no action. Despite Preston's refusal, Pierce filed *pro-forma* returns for the Peroxisome Trust, actions that the IRS could consider as the exercise of "ordinary business care and prudence" when later considering whether to assess penalties. ROA.2278-2279, 3711.

On June 10, 2019, the district court granted Preston's motion to stay and denied Dr. Cook's motion to enforce. ROA.1948-1952. On September 9, 2019, the potential tax liability of the Peroxisome Trust came to fruition as the IRS issued its

---

[7] Preston refused to sign the tax returns that had been prepared by Pierce. ROA.2276. Thus, no returns could be filed as state law required the signature of both co-trustees.

first notice of unpaid taxes for almost $2.8 million in taxes, penalties, and interest for tax year 2017. ROA.2296-2300. On September 30, 2019, and October 16, 2019, Pierce again notified Preston that his misconduct was subjecting the Peroxisome Trust to millions of dollars in tax liabilities and that additional penalties and interest would continue to accrue, including for the years 2018 and 2019. ROA.2301-2317. Pierce demanded that Preston take corrective action. ROA.2301-2317. Preston refused. ROA.2277.

On October 22, 2019, Dr. Cook moved for reconsideration of the stay order, arguing that the Peroxisome Trust was now incurring adverse tax consequences. ROA.1953-2024. Importantly, at that time, with the pending tax liability, the Peroxisome Trust could make no distributions without imposing personal liability on the fiduciaries of the Peroxisome Trust under the Federal Priority Statute, 31 U.S.C. § 3713.[8] ROA.2350-2353. In the motion, Dr. Cook moved for Preston to personally post a bond if the stay was not lifted. ROA.1953-1954. Preston opposed the motion for reconsideration. ROA.2030-2041. He again claimed that the "purported tax liability" posed no threat to TMHF; he asserted that he had never been sued personally; and he argued that the September 2019 IRS notice was not

---

[8] Arguments that Dr. Cook could have sought distributions from the Peroxisome Trust after September 9, 2019, are totally incorrect. The district court recognized this fact and properly rejected all arguments that distributions could have been made after this date. ROA.2633-2634.

"newly discovered evidence" because "it was not in existence until *after* the district court's rulings." ROA.2030-2036.

On November 20, 2019, the district court, noting the damage that withholding the mandatory distributions to the Foundations was causing, lifted the stay. ROA.2234, 9294, 9299. Preston **still** refused to take corrective action. Over the next year and a half, the IRS continued issuing new tax notices, including a January 2020 Notice of Intent to Levy and a February 2020 notice of unpaid taxes for the 2018 tax year. ROA.2318-2325, 2339-2348. Preston continually refused to authorize the mandatory distributions and to address the Peroxisome Trust's snowballing tax liabilities. ROA.2276-2279.

On December 31, 2020, this Court affirmed the Judgment in the Dec Suit in all respects. ROA.2237-2247. This Court found that Preston had no justifications for his actions and that he had breached his fiduciary duty by withholding the Peroxisome Trust's required payments to TMHF. ROA.2237-2247. Preston still took **no action**. ROA.9610.

On February 3, 2021, Dr. Cook filed a Motion to Enforce Judgment by Removing Preston as Co-trustee of the Peroxisome Trust ("Motion to Enforce"). ROA.2249-2374. The Motion to Enforce asked the district court to remove Preston as co-trustee to enforce the Judgment as Preston refused to cooperate with Pierce to resolve the tax liabilities of the Peroxisome Trust. ROA.2249. Dr. Cook was

"simply trying to have the judgment satisfied." ROA.2584. The Motion to Enforce "fully reserve[d] [Dr. Cook's] right as co-trustee of TMHF to pursue Preston for any and all damages Preston has caused TMHF." ROA.2249. The day before filing his opposition, Preston disingenuously signed a backlog of distribution authorizations, hoping to cure his malfeasance. ROA.2477-2478, 2633. In his opposition to the Motion to Enforce, Preston argued that if Dr. Cook wanted to remove Preston as co-trustee, "he should be required to **file a new action** seeking that relief in the proper court." ROA.2387 (emphasis added). He argued that the Motion to Enforce was "really a motion seeking entry of **a new judgment, on a new claim, that was never adjudicated**." ROA.2388 (emphasis added). Preston further argued that "[i]f Dr. Cook wishes to have a court remove Preston or seek other remedies based on a potential breach of fiduciary duty that might be implicated by the alleged tax issues, **he must adjudicate such claims in another case**." ROA.2391 (emphasis added). In this Court, Preston now claims the exact opposite.

On April 5, 2021, the district court ruled on the Motion to Enforce, finding that Preston's excuses rang hollow and that "Preston . . . intentionally refused to comply with the [c]ourt's Judgment even after it was affirmed by the Court of Appeals." ROA.2630-2634. Rather than removing him as co-trustee, the district court held Preston in contempt, ordering him to authorize Pierce to negotiate with the IRS to resolve the Peroxisome Trust's tax liability and then make the appropriate

payments to the Peroxisome Trust's beneficiaries. ROA.2634. Preston waited until the very last day to comply with the contempt order. ROA.2635-2636. But as the district court had noted, the distributions could not be paid until the IRS issues had been resolved to avoid trustees' personal liability under 31 U.S.C. § 3713. ROA.2633. In the opinion of the district court, it was simply "too little and too late." ROA.2633.

Pierce was finally able to address the tax liabilities. ROA.2648-2650. In May 2021, Pierce filed tax returns for 2017-2019 and paid the IRS over $8 million in taxes. ROA.2649. Pierce was subsequently able to get the IRS to waive penalties for all years except 2018, saving the Peroxisome Trust around $1.5 million. ROA.7315. The IRS waived penalties for 2018 on January 26, 2024, but has not yet issued a refund to the Peroxisome Trust. ROA.8736-8738, 8744.

In June 2021, Dr. Cook asked the district court to authorize Pierce to address the Peroxisome Trust's tax liability to the Louisiana Department of Revenue ("LDR"). ROA.2638-2650. Preston opposed that motion and sought additional information to "substantiate[]" the Louisiana taxes. ROA.2670-2675. On July 23, 2021, the district court granted the authorization, noting that the Louisiana tax liability had to be resolved so additional payments to the Foundations could be made. ROA.2783-3785. In July 2021, Pierce entered into a Voluntary Disclosure Agreement with the LDR. ROA.3715, 9552. Pierce obtained a waiver of penalties

by the LDR and saved the Peroxisome Trust approximately $250,000. ROA.3747.

However, the Peroxisome Trust was still required to pay the LDR over $1 million in

taxes and interest. ROA.3715, 3747-3748, 9552. Pierce also requested a waiver of

interest of approximately $190,000 from the LDR, but this request was denied by

the LDR and the appeal by Pierce was denied by the Louisiana Board of Tax

Appeals.[9]

Payments to the IRS totaled $6,521,335, and payments to the LDR totaled

$1,195,502.24. ROA.3747-3748. As correctly found by the district court, these

payments were solely as a direct result of Preston's breach of trust and fiduciary

duties. ROA.3705-3706, 3714-3715, 3747-3748. After resolving the Peroxisome

Trust's tax liabilities, Pierce was able to distribute outstanding annuity payments

owed to the Foundations except for most of 2019. ROA.3749.[10]

### D.     The Removal and Damages Suit

On November 18, 2021, Dr. Cook, in his capacities as a co-trustee of TMHF

and MLF, filed this suit against Preston. ROA.9539-9616. Dr. Cook sought to

remove Preston as co-trustee of the Peroxisome Trust and to hold him personally

liable for the damages caused to the Foundations (*i.e.,* unpaid distributions and

---

[9] *See E. Pierce Marshall Jr. in his capacity as Co-Trustee of the Peroxisome Trust v. Secretary of Department of Revenue*, State of Louisiana, Docket No. 13399D, Board of Tax Appeals, State of Louisiana.

[10] For a detailed description of the payments that have been made to resolve the federal and state tax liabilities of the Peroxisome Trust and the outstanding annuity payments, *see* ROA.3743, 3747-3748.

accrued interest) ("Damages/Removal Suit"). ROA.9539-9594. Notably, Dr. Cook appeared now in an additional capacity, as co-trustee of MLF, and Preston was named additionally in his personal capacity. ROA.9539-9594. Dr. Cook was authorized to file suit by the co-trustees of both Foundations. ROA.9560-9568. In the complaint, Dr. Cook sought removal of Preston as co-trustee based on (1) the damages suffered by the Foundations as a result of his breaches of trust and fiduciary duties post-Judgment, (2) his failure to authorize the filing of income tax returns and extensions causing the IRS and LDR to assess penalties and interest, (3) his refusal to cooperate with Pierce to mitigate the damages after the Judgment, and (4) his contemptuous conduct following the Judgment. ROA.9553-9554.

Dr. Cook alleged that the Dec Suit had resolved certain issues that Preston was barred from relitigating based on *res judicata* and collateral estoppel. ROA.9553-9554. In particular, the following issues had been decided:

1.   Dr. Cook was a valid co-trustee of TMHF.

2.   TMHF is a beneficiary of the Peroxisome Trust.

3.   Pierce's refusal to agree to a division of the Peroxisome Trust was not a justification or defense to Preston's failure to satisfy his obligations to TMHF under the Peroxisome Trust Indenture.

4.   Preston had committed a breach of trust in refusing to authorize distributions to TMHF and any other defenses available to Preston were denied.

> 5. Preston was obligated to effectuate distributions to
> TMHF in the future.

ROA.3687-3688, 7902.

Preston moved to dismiss the complaint on two of the grounds at issue here, *inter alia*: (1) *res judicata* and collateral estoppel and (2) failure to join indispensable parties.[11] ROA.9628-9798. The district court denied Preston's motion to dismiss in all respects. ROA.3604-3616. Regarding *res judicata* and collateral estoppel, the district court found that the parties did not appear in identical capacities and were not in privity as Preston's personal interests were not "close" to his interest as co-trustee of the Peroxisome Trust. ROA.3609. The district court also held that the causes of action in the Damages/Removal Suit arose from post-Judgment actions by Preston and had not existed at the time of the Judgment. ROA.3610-3611. Nor was the nucleus of operative facts the same for both suits. ROA.3611-3612. Finally, the district court held that Mrs. Marshall and Pierce's interests were adequately represented by Dr. Cook, so they were not indispensable parties. ROA.3613-3615.

On April 18, 2023, Dr. Cook moved for summary judgments separately on removing Preston as co-trustee of the Peroxisome Trust and his personal liability for damages. ROA.3674-3776, 3784-3988. The district court granted Dr. Cook's

---

[11] Preston also argued improper venue and abstention under the *Colorado River* doctrine. ROA.9646-9648, 9651-9654. He has not pursued these arguments in this Court, and they are deemed abandoned.

motion for removal.  ROA.8039-8050.  The district court found "sufficient cause" for Preston's removal under Louisiana Revised Statute 9:1789(A) based on, *inter alia*, Preston's post-Judgment, contemptuous conduct in which he "squandered" his chance to comply with his duties as co-trustee of the Peroxisome Trust in the future.[12]  ROA.8046-8050.  Finally, the district court completely rejected Preston's arguments that Dr. Cook and Pierce had failed to mitigate damages as "not … convincing."  ROA.8049.  The district court entered a judgment removing Preston as co-trustee of the Peroxisome Trust.  ROA.8586.  Preston's appeal does not challenge the factual or legal basis for this judgment.

On damages, the district court found it unquestionable that the Foundations were owed annuities and accompanying interest and that Preston was personally liable to the Foundations for these damages.  ROA.8050.  The district court noted, however, that the parties factually disagreed only as to the calculation of interest due.  ROA.8050.  It therefore denied partial summary judgment on damages. ROA.8050.  After it was established that there was no disputed issue regarding the interest calculation, the district court granted Dr. Cook's amended motion for summary judgment.[13]  ROA.8579-8584.  In its opinions granting the amended

---

[12] La. R.S. § 1789(A) provides that a "trustee shall be removed…by the proper court for sufficient cause."

[13] Following the denial of the motion for partial summary judgment on damages, Preston's expert was deposed.  ROA.8166.  Thereafter, Dr. Cook agreed to accept this expert's calculation of the amount of interest.  ROA.8169.  Thus, as recognized by the district court, there was no longer a disputed factual issue.  ROA.8582-8583.

motion for partial summary judgment and denying the motion for reconsideration, the district court reaffirmed its rejection of Preston's defenses of comparative fault and mitigation. ROA.8583, 8744.

The district court held Preston personally liable to each of the Foundations in the amount of $3,058,472.25 in principal; $2,257,455.91 in accrued interest through April 1, 2023; and for additional interest at the Louisiana judicial rate until the date of the Judgment and the rate under 28 U.S.C. §1961 after the date of judgment. ROA.8585. This judgment was amended later to reflect that (as agreed by Dr. Cook) when the waived 2018 tax penalties have been refunded by the IRS and have been disbursed to the Foundations, Preston's liability will be reduced accordingly. ROA.8908. Preston's appeal does not challenge the factual or legal basis for this judgment.

## IV. SUMMARY OF ARGUMENT

This appeal presents three narrow issues. The district court removed Preston as co-trustee of the Peroxisome Trust and awarded damages in favor of the Foundations against Preston personally. The appeal does not challenge the factual or legal basis for these judgments. Rather, Preston contends: (1) these remedies should have been sought in the Dec Suit; (2) Mrs. Marshall and Pierce should have been joined as indispensable and necessary parties; and (3) Preston was entitled to present evidence of Pierce and Mrs. Marshall's comparative fault and Dr. Cook's

failure to mitigate the damages suffered by the Foundations. None of these arguments can withstand even a cursory review of the record, and the district court should be affirmed in all respects summarily.

*Res judicata* is unquestionably inapplicable for three reasons, as was correctly found by the district court. First, the parties were different in the two suits and there was not any privity between the capacities of Dr. Cook as a co-trustee of TMHF and MLF or Preston as a co-trustee of Peroxisome Trust and personally. Second, the causes of action arose in the Damages/Removal Suit after the Judgment in the Dec Suit. Third, the causes of action in the Damages/Removal Suit were not based on the same nucleus of operative facts in the Dec Suit.

The district court also applied the required analysis and properly concluded that neither Pierce nor Mrs. Marshall were necessary parties. It is beyond clear that their interests were adequately protected by Dr. Cook, who prosecuted the claim against Preston in the same capacities as would have Pierce and Mrs. Marshall. Finally, the district court carefully considered and rejected Preston's arguments regarding the alleged comparative fault of Pierce and Mrs. Marshall and failure of Dr. Cook to mitigate damages. Neither the undisputed factual record nor the applicable law provided any basis for such arguments. Indeed, the record reflects that Pierce, while under no duty to Preston, engaged in extensive efforts to address the tax liabilities of Peroxisome Trust created by Preston. Neither did Mrs. Marshall

have a duty.  The record also establishes that Dr. Cook, as obligee of Preston in his capacity as co-trustee of the Peroxisome Trust, undertook all reasonable steps to mitigate the damages suffered by the Foundations due to Preston's actions, including filing suit against Preston for his misconduct.

## V.    ARGUMENT

### A.    Standard of Review

The standard of review for denial of a motion to dismiss based on *res judicata* is a question of law that is reviewed *de novo*.  *Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 604 (5th Cir. 2021).  A court may dismiss a suit as barred by *res judicata* if the "bar is apparent from the pleadings and judicially noticed facts."  *Id.*

The standard of review for a motion to dismiss for failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure is abuse of discretion.  *PHH Mortgage Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 559 (5th Cir. 2023); *see also Union Pacific Railroad Co. v. City of Palestine, Texas*, 41 F.4th 696, 703 (5th Cir. 2022).

Finally, the standard of review for the granting of a summary judgment is *de novo*.  *Burell v. Prudential Ins. Co. of America*, 820 F.3d 132, 136 (5th Cir. 2016).  Summary judgment is appropriate if the movant shows no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  *Id.*

(citing Fed. R. Civ. P. 56(a)).   A defendant bears the burden of proof on affirmative defenses.  *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024).

### B.  *Res judicata* Does Not Apply.

Louisiana *res judicata* law applies to a federal judgment rendered by a district court sitting in diversity.  *Dotson v. Atlantic Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022).   The doctrine of *res judicata* is *stricti juris*; any doubt must be resolved against its application.  *Guidry v. State Farm Mut. Auto. Ins. Co.*, 2021-80808 (La. 11/10/21), 326 So. 3d 1224; *Dotson*, 24 F.4th at 1003 (citing *Kelty v. Brumfield*, 633 So. 2d 1210, 1215 (La. 1994)).  The party asserting *res judicata* bears the burden to establish all the elements of the doctrine as a matter of law.  *Borja v. FARA*, 2016-0055 (La. 10/19/16), 218 So. 3d 1, 12.

Under Louisiana Revised Statute 13:4231(1), "[e]xcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review" and "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished." *See also Dotson*, 24 F.4th at 1003.  All of the following must be satisfied before a subsequent action can be precluded: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out

of the transaction or occurrence that was the subject matter of the first litigation. *Id.*;
*see also Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049, 1053.
There is no dispute that the Judgment in the Dec Suit was final and valid. Preston,
however, does not satisfy any of the other three elements, and the district court was
correct in so holding.

### 1. The Parties Are Not the Same.

The parties are not the same under Louisiana law, as the district court correctly
held. Both parties appear in different capacities in the Damages/Removal Suit.
ROA.3607. This holding by the district court properly applies the law. As the
Louisiana Supreme Court has held, "[T]he requirement in La. R.S. 13:4231 that the
parties be the same in order for a second suit to be precluded by operation of res
judicata retains this 'identity of capacity' component." *Burguieres*, 843 So. 2d at
1054. In *Burguieres*, the court found that a previous suit against defendant
Pollingue, as an executrix of an estate, did not have *res judicata* effect as to a second,
later suit, filed by the same plaintiffs, against Pollingue as curatrix and trustee. The
principle of identity of capacities was imposed to safeguard the integrity of
representative functions. *Burguieres*, 843 So. 2d at 1055-1056. The Louisiana
Supreme Court cited Section 36 of the Restatement (Second) of the Judgment:

> A party appearing in an action in one capacity, individual
> or representative, is not thereby bound by or entitled to the
> benefits of the rules of *res judicata* in a subsequent action
> in which he appears in another capacity.

*Burguieres*, 843 So.2d at 1054.[14]

*Burguieres* is directly on point and affirms the district court's ruling. *See also Wagoner v. Chevron USA, Inc.,* 48,119 (La. App. 2 Cir. 7/24/13), 121 So. 3d 727, 734 (holding that a "person appearing in different legal capacities may bring multiple actions involving the same transaction or occurrence without being barred by *res judicata*"). The district court was correct that the capacities are different. In the Dec Suit, Dr. Cook appeared in his capacity as a co-trustee of TMHF, and Preston was sued "solely in his capacity as Co-Trustee of the Peroxisome Trust." ROA.45. In this case, Dr. Cook appeared in his capacity as co-trustee of TMHF and co-trustee of MLF. ROA.9539. Preston was sued as co-trustee of the Peroxisome Trust with respect to removal, but in his personal capacity with respect to damages. ROA.9540, 9552-9558. Preston's personal liability to the Foundations was not at all at issue in the Dec Suit. As this Court has stated, "[r]es judicata does not apply when the parties

---

[14] The Louisiana Supreme Court also noted*:*

> Similarly, federal courts have recognized that res judicata does not apply when the parties appear in different capacities. *Akin v. PAFEC, Ltd.*, 991 F.2d 1550 (11th Cir. 1993); *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183 (5th Cir. 1990); *Clark v. Amoco Production Co.,* 794 F.2d 967 (5th Cir. 1986); *In re: Sovereign Partners*, 179 B.R. 656 (D. Nev. 1995). *See also*, 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 131.40[2] (3d ed. 2002) ("A person appearing in different legal capacities may bring or defend multiple actions involving the same transaction or occurrence without being bound by or entitled to the benefits of the claim preclusion doctrine.").

*Burguieres*, 843 So. 2d at 1054.

appear in one action in a representative capacity and in a subsequent action in an individual capacity." *Howell*, 897 F.2d at 188.

Preston presents a multitude of arguments as to why the parties are the same, none of which have merit. First, Preston contends that Dr. Cook named additional parties only to defeat *res judicata*. This argument, however, ignores that Dr. Cook and Preston both appear in different capacities for different remedies in the Damages/Removal Suit. None of the jurisprudence cited by Preston address parties appearing in different capacities.[15] Thus, the argument has no support.

Second, Preston tries to claim that Dr. Cook, as co-trustee of MLF, was in privity with himself as co-trustee of TMHF despite his previous arguments that Dr. Cook was in an "entirely separate capacity." ROA.3174. The district court properly found that there was no privity between the parties in the two cases as there was insufficient closeness. ROA.3609. As this Court has recognized, "privity" requires parties to be "sufficiently related" to merit claim preclusion, which is particularly "fact-based" and hinges upon the parties "precise relationship." *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1174 (5th Cir. 1992). Rather than

---

[15] *See Austin v. Markey*, 08-381 (La. App. 5 Cir. 11/25/08), 2 So. 3d 438 (applying res judicata where plaintiff filed suit against the same defendant in the same capacity and other defendants after her parents sued on her behalf); *Lowe v. Rivers*, 445 So. 2d 105 (La. App. 2nd Cir. 1984) (applying res judicata where parties appeared in the same capacity along with other defendants); *Adams v. Sutton*, 2019-1105 (La. App. 4 Cir. 10/12/22), 351 So. 2d 391 (same); *Dean v. Delacroix Corp.*, 2012-0917 (La. App. 4 Cir. 12/26/12), 106 So. 3d 283 (same).

perform that factual analysis, Preston instead glosses over the differences in Dr. Cook's capacities in the two suits and the differences between the two Foundations.

Preston likewise glosses over the meaning of "privity." The concepts of control and virtual representation "must be narrowly construed." *Breen v. Breen*, 2021-1583 (La. App. 1 Cir. 7/6/23), 370 So. 3d 1095, 1102. It is insufficient "to merely show that the party and the nonparty have common or parallel interests in the factual and legal issues presented in the respective actions." *Id.* Simply because Dr. Cook was co-trustee of TMHF and MLF does not put him in privity with himself as a co-trustee. In the Dec Suit, he was authorized only to represent TMHF and seek redress in the form of declaratory and injunctive relief against Preston as a co-trustee of the Peroxisome Trust. Simply because TMHF and MLF had common interests does not demonstrate privity. These two foundations have different trust instruments, different sets of trustees and different beneficiaries, sharing only a funding source (Peroxisome Trust). The interests of the Foundations are not so closely aligned as to find privity, as held in the jurisprudence.[16]

---

[16] *Contrast Succession of Carpenter*, 22-192 (La. App. 5 Cir. 2/1/23), 358 So. 3d 874, 882-883 (finding privity between trustee, successor-in-interest trustee, and beneficiary of one trust); *B.A. Kelly Land Co., LLC v. Aethon United BR LP*, 54,115 (La. App. 2 Cir. 9/22/21), 327 So. 3d 1071, 1078 (finding privity between principal and agent); *Zurich Am. Ins. Co. v. Cox*, 2013-630 (La. App. 3 Cir. 12/11/13), 128 So. 3d 644, 647-648 (finding privity between attorney and client); *Matherne v. TWH Holdings, L.L.C.*, 2012-1878 (La. App. 1 Cir. 12/6/13), 136 So. 3d 854, 861 (finding privity between a corporation and successor corporation).

As Preston himself points, out, the *non-party* must control the litigation for privity to exist. Dr. Cook, as a co-trustee of MLF, did not control the Dec Suit. In the Dec Suit, he was only authorized to proceed on behalf of TMHF. He could not direct any litigation for MLF. In fact, Dr. Cook sought relief with respect to MLF in separate state case, *In re Marshall Legacy Foundation*, No. 2015-3683, 14th Judicial District Court, State of Louisiana ("MLF Case"), where he only appeared as a co-trustee of MLF. In denying Preston's motion for abstention in the Dec Suit, Judge Zainey recognized that the MLF Case was different from the Dec Suit. ROA.364. Preston incorrectly conflates Dr. Cook's capacities as separate co-trustee of TMHF and MLF into one role in asserting that he "controlled" the litigation.

"Virtual representation" does not save the argument. Virtual representation with respect to privity exists only in "certain limited circumstances" and within "strict confines." *Meza v. General Battery Corp.*, 908 F.2d 1262, 1272 (5th Cir. 1990). Among the strict confines are a requirement of an "express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues."[17] *Id.* There is no such legal relationship between TMHF and MLF, nor did Dr. Cook have a duty to represent MLF in the

---

[17] For this reason also, neither Mrs. Marshall nor Pierce need to be parties to this litigation. As the district court recognized in finding that they were not necessary parties, Mrs. Marshall and Pierce, in their respective capacities, authorized Dr. Cook to prosecute the claims of TMHF and MLF and therefore will be bound by the judgment.

Dec Suit.  Preston has not shown anything more than parallel interests between the Foundations, which precludes privity.  *See McCalmont v. McCalmont*, 2019-738 (La. App. 3 Cir. 4/29/20), 297 So. 3d 1057, 1066 ("[I]t is not enough that the non-party may be interested in the same questions or proving the same facts.").  Virtual representation has no applicability here as there is simply no basis to support such an argument.  There is no privity between Dr. Cook as co-trustee of TMHF and as co-trustee of MLF.

Finally, Preston argues that he was personally in privity with himself as co-trustee for the damages claim.  This contention is a complete about face from his argument against personally posting an appeal bond in the Dec Suit where he asserted that he was named "solely in his capacity as a trustee," that Dr. Cook "never purported to sue Preston personally," that a bond would hold "Preston liable *personally*, as opposed to the Peroxisome Trust obligation that was initially sued upon," that at no point did Dr. Cook "sue Preston personally for the restoration of assets allegedly due to the Peroxisome Trust," and that he would be "clearly prejudiced" if "made personally liable" for the tax liability after the Judgment. ROA.2031, 2036-2037.[18]  Despite fighting tooth and nail against any semblance of personal liability in the Dec Suit, Preston now claims his personal liability was

---

[18] The district court denied the motion for an appeal bond as moot.  ROA.2234.  As explained *infra*, this Court should judicially estop Preston from arguing privity with himself.

always at stake and he represented himself personally in the Dec Suit.[19]  Such a turnabout should be easily rejected.  Preston was clearly sued solely as a co-trustee in the Dec Suit and then sued personally for damages in the Damages/Removal Suit, in an entirely different capacity and for an entirely different cause of action.

None of the relevant jurisprudence remotely supports this attempt to disregard the distinction between representative and personal capacity.  *In re Smyth*, No. 00-50842, 2001 WL 1013183 (5th Cir. Aug. 7, 2001), which Preston relies on, does not support his position.  In *Smyth*, this Court did not find privity between a bankruptcy trustee and his status as an accountant, as Preston claims.  Instead, the Court found that the trustee had in fact appeared in his capacity as an accountant in the first suit, and thus the parties were the same.  2001 WL 1013183 at *2.  In contrast, Preston never did appear in his personal capacity in the Dec Suit, and he actually disclaimed that capacity in the Dec Suit.  *See New Orleans Jazz and Heritage Foundation, Inc. v. Kirksey*, 2021-0202 (La. App. 4 Cir. 11/30/12), 104 So. 3d 714.  Preston's other cited cases are not even applicable.  Appellant Brief at 27.  For example, *Decoulos v. Town of Aquinnah*, No. 17-11532, 2018 WL 3553351 (D. Mass. July 24, 2018), found privity between a plaintiff who sued first as a co-trustee and then individually as the outright owner over the same property and same wrongs.  The court found

---

[19] Preston also contends that he was "potentially vicariously liable for his conduct as co-trustee" and a finding of privity is supported by the "weight" of the case law.  Appellant Brief at 14.  There is no support for vicarious liability of a trustee, and none is cited.

that capacities did not matter where the party was the beneficiary of the subject matter of the first action and personal interests were protected. 2018 WL 3553351 at *11. Preston certainly cannot claim the same.

### 2. The Causes of Action Did Not Exist at the Time the Judgment.

A requirement of *res judicata* is that the cause of action asserted existed at the time of the final judgment, which is not the case here as the district court rightly found. This Court has long held that *res judicata* does not bar a suit based on acts of a defendant that have occurred after a final judgment asserted as a bar. *Blair v. City of Greenville*, 649 F.2d 365, 368 (5th Cir. 1981); *see also Gibert v. Kennedy*, 95-117 (La. App. 5 Cir. 11/15/95), 665 So. 2d 449, 451. Therefore, a cause of action arising after the rendition of the final judgment that could not have been asserted earlier is not precluded by the judgment. *Mason v. Auto Club Family Ins. Co.*, No. 10-2619, 2010 WL 4924766, *4 (E.D. La. Nov. 29, 2010); *see also Kirksey*, 104 So. 3d at 719. The district found exactly that: Dr. Cook's complaint arises from Preston's "failure to comply with the [c]ourt's [J]udgment to authorize payments to TMHF and MLF and post-[J]udgment refusal to resolve the Trust's tax liability." ROA.3611.

Dr. Cook identified the following actions by Preston that constituted "sufficient cause" under Louisiana Revised Statute 9:1789 to justify removal as co-trustee of the Peroxisome Trust: (1) Preston's breach of trust was the sole cause of

the Peroxisome Trust incurring federal and state tax liabilities of over $7.6 million

(2) The payment of federal and state taxes post-Judgment caused the Peroxisome Trust to owe the Foundations the principal amount of $6,116,944.50 and accrued interest as of April 1, 2023, in the amount of $4,602,209; (3) Preston had exposed the Peroxisome Trust to possible excise and termination taxes and the potential elimination of its remaining charitable contributions; (4) Preston intentionally refused to comply with the Judgment even after it was affirmed by the Court of Appeals and was held in contempt; (5) Preston failed to authorize the filing of tax returns and requests for extensions on behalf of the Peroxisome Trust; (6) Preston, without any legal or factual basis, opposed every attempt by Dr. Cook to require Preston to address the tax liability of the Peroxisome Trust caused by his breaches of trust; and (7) Preston's actions constituted "self-dealing" under section 4941(d)(1)(E) of the Internal Revenue Code and could have subjected Peroxisome Trust to excise taxes. ROA.2634, 3798-3800, 3812-3815, 3841-3842, 7971-7979; *see also* ROA.3690-3691. As the district court correctly recognized, none of these actions had occurred at the time of the judgment in the Dec Suit. ROA.360-3611. They merited removal of Preston as co-trustee and further formed the basis of Preston's personal liability for damages. These actions indisputably arose after the Judgment and are not barred by *res judicata*. *Blair*, 649 F.2d at 368.

Furthermore, under Louisiana law, as the district court properly held, a cause of action accrues when a party has the right to sue, which requires fault, causation, and damages. *Ebinger v. Venus Constr. Corp.,* 2010-2516 (La. 2011), 65 So. 3d 1279, 1286. Damage is sustained "when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Bailey v. Khoury*, 2004-0620 (La. 1/20/05), 891 So. 2d 1268, 1276; *see also Oakes v. Countrywide Home Loans, Inc.*, No. 07-9743, 2021 WL 2327920, *6 (E.D. La. June 19, 2012).

Having previously and repeatedly denied harm from shortfalls to the Peroxisome Trust and tax liabilities, *see* ROA.1883-1904, 2030-2038, Preston now argues that damages were "plain[]" and "well-known." Appellant Brief at 36. This argument is not only disingenuous considering his many representations to the district court in the Dec Suit, but it is also legally wrong. In the Dec Suit, although Peroxisome Trust had received the necessary funds to make the distributions to the Foundations, Preston alone prevented the payments. Dr. Cook sought to have those funds released through injunctive relief against Preston as a co-trustee. Without the tax assessments, damages to the Foundations at the time of the Judgment had not occurred and were purely speculative. Preston himself asserted there was "no risk or harm" to TMHF. ROA.1883-1904. Had Preston complied with the Judgment at the time it was issued, the tax liabilities of the Peroxisome Trust and resulting damages would have been substantially reduced, possibly avoided completely.

The district court correctly found that the cause of action in the Damages/Removal Suit had not arisen. In the Damages/Removal Suit, damages due to Preston's post-Judgment breaches had manifested and were sought on behalf of the Foundations. The Peroxisome Trust paid no taxes, penalties, and interest until 2021; and those were not assessed until 2019, after the Judgment. Preston even admitted the September 2019 IRS Notice was "not in existence until *after* the [Judgment]." ROA.2035. The earliest that the Peroxisome Trust's damages may have been determinable was September 2019, but they only became certain after Pierce was able to negotiate with the IRS and LDR pursuant to court authorization over Preston's objections. *Harvey v. Dixie Graphics, Inc.*, 593 So. 2d 351, 354 (La. 1992).

Finally, Preston argues that simply because Dr. Cook could have sought Preston's removal as co-trustee in the Dec Suit, he was precluded from seeking the removal in the Damages/Removal Suit. However, this contention ignores the fact that Dr. Cook did not believe removal was justified at the time when the Dec Suit was filed. All that was required at that time was for Preston to authorize the payments from the Peroxisome Trust. This argument also ignores that the Damages/Removal Suit is based on Preston's post-Judgment actions, which were, by definition, not in existence at the time. These post-Judgment actions more than

justified removal. As noted, Preston does not even dispute that removal based on those actions was proper.[20]

### 3. The Causes of Action Did Not Arise Out of the Same Transaction or Occurrence.

The district court properly found that the nucleus of operative facts in the Damages/Removal Suit was not the same as in the Dec Suit. ROA.3612. Preston did not and cannot show that the causes of action in the Damages/Removal Suit arose "out of the transaction or occurrence" that was the subject matter of the Dec Suit. La. R.S. 13:4231. What constitutes the transaction or occurrence is to be determined on a case-by-case basis. *See Dotson*, 24 F.4th at 1003; *In & Out Welders, Inc. v. H&E Equipment Services, Inc.*, No. 16-86, 2017 WL 1015312, *7 (M.D. La. March 15, 2017). An action is barred by *res judicata* under Louisiana law when "both of the actions concern a group of facts so connected as to constitute a single wrong and so logically related that judicial economy and fairness mandate that all issues be tried in one suit." *Dotson*, 24 F.4th at 1004 (citation omitted); *see also Cooper v. WestEnd Capital Mgt., LLC*, No. 12-2572, 2013 WL 4525655, at *3 (E.D. La. Aug. 26, 2013).

The nucleus of operative facts in the Dec Suit is not the same nucleus of operative facts as here. As the district court accurately held, this suit focuses on

---

[20] *Henkelmann v. Whiskey Island Preserve, LLC*, 2013-0180 (La. App. 1 Cir. 5/15/14), 145 So. 3d 465, is clearly inapplicable as the plaintiff's second cause of action did not arise after a judgment and in fact formed part of the first lawsuit.

Preston's post-Judgment misconduct, including his continued refusal to address the Peroxisome Trust's tax issues, to follow court orders, and to cooperate with Pierce for years **after** the Judgment. ROA.3612. *See J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. 14-2580, 2015 WL 2383841, *5 (E.D. La. May 19, 2015) (holding that although allegations in the present action were temporally related to the original action, the operative facts for *res judicata* were actions defendants were taking afterwards). As the district court noted, "[w]hile the appeal was pending Preston refused to authorize distributions and the filing of the required tax returns despite the incontrovertible evidence that this was damaging Peroxisome's assets." ROA.2630. Tellingly, Preston argued to the district court that he did not have the opportunity to litigate the "alleged tax issue fully and properly before this Honorable Court." ROA. 2389. The district court should be affirmed.

### 4. Preston Should be Estopped from Arguing that the Parties Are the Same.

Finally, Preston should be judicially estopped from arguing *res judicata*. Judicial estoppel is an equitable and discretionary doctrine that can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261-62 (5th Cir. 2012). To apply judicial estoppel, the courts primarily look for the following: (1) the party against whom judicial estoppel is

sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently. *Id.* The Court should apply the doctrine here.

Preston argues in this Court that Dr. Cook in his capacity as co-trustee of TMHF was "in privity" with his role as co-trustee of MLF. Appellant Brief at 19. He claims that Dr. Cook "adequately represented" himself as co-trustee of MLF whose interests were "closely aligned" with those of TMHF. *Id.* at 20. This argument is contrary to the position Preston took in the Dec Suit when Dr. Cook sought to require a bond from Preston personally and later to remove Preston as co-trustee. Preston's inconsistencies have been discussed *supra*.

Preston also took an inconsistent position in the MLF Case. There, Mrs. Marshall, Dr. Cook, and Preston appeared in their capacities as co-trustees of MLF. Preston argued that Dr. Cook was not a proper co-trustee of MLF. When Mrs. Marshall and Dr. Cook asserted that the Judgment in the Dec Suit was *res judicata* and collateral estoppel on this issue, Preston argued that the Dec Suit had "nothing to do" with MLF; Dr. Cook was in the MLF Case only as a co-trustee of MLF, "an entirely separate capacity than that found" in the Dec Suit; and no parties in the MLF Case were "appearing in the same quality or capacity as they appear" in the Dec Suit. ROA.3173-3174. Preston further represented that "the rights of Marshall Legacy Foundation co-trustees are not derivative from the rights of [TMHF] co-trustees."

35

ROA.3175. These assertions are directly contrary to the argument he has made here. The 14th JDC judge accepted Preston's position and denied the exception of *res judicata*. ROA.3181.[21]

Preston made similar arguments in the Ingratitude Case (*see supra* fn.2) when Mrs. Marshall asserted collateral estoppel precluded Preston from relitigating whether he had breached his fiduciary duties as co-trustee of the Peroxisome Trust by refusing to issue distributions. Preston drew a distinction between his capacity as a co-trustee of the Peroxisome Trust and his individual capacity. ROA.3192; *see also* ROA.3193-3194. The trial court accepted Preston's position and refused to apply the Judgment for purposes of collateral estoppel.[22] ROA.3200-3205.

Preston's instant arguments on privity are plainly inconsistent with his prior representations not only in the Dec Suit but also in other cases. In those cases, Preston repeatedly argued that the Judgment had no preclusive effect because the parties were not the same as they appeared in different capacities. The state courts agreed and acted accordingly. Thus, Preston should be judicially estopped from arguing the exact opposite. *See In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999) (applying judicial estoppel as a party may not deliberately change his

---

[21] The trial court's reasons included that "they may be the same individuals, but they appeared in different capacities, MLF was not a party to the federal litigation, the parties are not the same." ROA.3184. When Dr. Cook and Mrs. Marshall sought review of the decision, Preston repeated those same arguments to the Louisiana Third Circuit of Appeal. The Court of Appeal denied review.

[22] Preston has also made the same arguments in another case. ROA.3207-3219.

position according to the "exigencies of the moment.""); *see also In re Finova Capital Corp.*, 358 B.R. 113, 116-17 (Bkrtcy. D.Del. 2006) (applying judicial estoppel where defendant secured a vacating of a summary judgment in state court by arguing the federal court was the proper forum only to "change their tune" once suit was filed in the federal court).

### C.     There Was No Failure to Join Necessary and Indispensable Parties.

While Preston does not acknowledge it, the correct standard of review for a failure to join a necessary and indispensable party is abuse of discretion. *PHH Mortgage Corp.*, 80 F.4th at 559. The district court did not abuse its discretion. The party advocating for joinder bears the initial burden of proving a necessary party must be joined. *Colbert v. First NBC Bank*, No. 13-3043, 2014 WL 1329834 (E.D. La. March, 31, 2014). The district court correctly concluded that Preston failed to meet his burden of proof.

Federal Rule of Civil Procedure 19(a) provides that a person must joined if in that person's absence, the court cannot grant complete relief; the absent person's ability to protect the interest is impaired; or an existing party is subject to a substantial risk of double, multiple or inconsistent obligations. This inquiry is necessarily factually intensive. *See* 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, §1604 (3d ed. 2021) ("By its very

nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases.").

The district court conducted the required, factually intensive analysis under Rule 19. It concluded properly as follows:

> Here, Preston fails to meet his burden of proof that either party must be joined. The Court can grant the relief requested in this case, damages against Preston and his removal as co-trustee, without either additional party being joined. Neither of those parties are claiming any interest that is not represented by Plaintiff; in fact, they authorized Dr. Cook, in his capacity as co-trustee of TMHF and MLF, to file this lawsuit against Preston. Because these interests are adequately represented, failure to join these parties will not subject Defendant to a risk of incurring multiple of inconsistent obligations. Accordingly, dismissal for failure to join these so-called indispensable parties would be inappropriate.

ROA.3614-3615.

Although Preston does not undertake the analysis, Rule 19(a) does not require that Mrs. Marshall and Pierce be joined. The district court could grant the relief requested without Pierce or Mrs. Marshall being parties. Indeed, the district court did so, and this Court affirmed in the Dec Suit. As the district court recognized, neither Mrs. Marshall nor Pierce claimed any interest that is not protected. In fact, they authorized Dr. Cook, in his capacity as co-trustee of the Foundations, to file this lawsuit against Preston, the very same actions they would have taken. *See* La. R.S. 9:2114 ("A power vested in three or more trustees may be exercised by a majority

of the trustees, unless the trust instrument provides otherwise."). Thus, their interests are protected. Preston does not claim that he would be subject to any double, multiple, or inconsistent obligations. His obligations are to the Foundations, and they are the plaintiffs in this suit. Therefore, Pierce and Mrs. Marshall could not later obtain damages against Preston. Preston can also only be removed as co-trustee once. As before, the district court could award complete relief in favor of Dr. Cook without joining Pierce and Mrs. Marshall.

Preston's only argument under Rule 19(a) that Mrs. Marshall and Pierce must be joined is based on an incorrect argument of comparative fault. As set out *infra*, however, the alleged comparative fault by Mrs. Marshall and Pierce for failing to divide the Peroxisome Trust is completely irrelevant and was rejected as a defense in the Dec Suit. Preston's insistence that his mother and brother are alleged joint tortfeasors is not only factually incorrect, but also legally insufficient. *See* La. R.S. 9:2205 (providing limited grounds for holding a trustee liable for a co-trustee's breach of trust). Also, even if Mrs. Marshall and Pierce were joint tortfeasors, which they are most assuredly not, alleged joint tortfeasors are not required parties. *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970); *see also Dampier v. Rouses Enterprises, L.L.C.*, No. 11-3062, 2012 WL 4482946, *2 (E.D. La. Sept. 28, 2012). Thus, Mrs. Marshall and Pierce are not necessary parties.

If a court determines a party is necessary but that joining the party is not feasible, such as when joining the party would destroy diversity, the court must "determine, whether in equity and good conscience," the action should proceed. *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). The court considers these four factors under Federal Rule of Civil Procedure 19(b): the extent to which a judgment rendered might prejudice the absent person or existing parties, the extent to which the judgment could be shaped to lessen or avoid prejudice, whether the judgment is adequate, and whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. The district court did not have to reach this step, but it is obvious that the district court could have crafted a remedy to protect Preston.[23]

Because Preston completely fails to show that Pierce and Mrs. Marshall are indispensable parties in any capacity whatsoever, the Court need not even reach the analysis found in Rule 19(b). If the Court were so inclined, however, none of the factors warrant dismissal. Neither Pierce nor Mrs. Marshall would be prejudiced by a judgment in this action. Their interests as co-trustees of TMHF or MLF, as the case may be, are completely aligned with and protected by Dr. Cook's authorized

---

[23] Notably, Preston failed to raise this argument at any time during the Dec Suit at the district or appellate level. This Court could have raised the issue *sua sponte* but did not when ruling upon the Dec Suit. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) ("The Court may also raise the issue [of failure to join an indispensable party] *sua sponte*."). Therefore, with respect to the Dec Suit, Mrs. Marshall and Pierce were not indispensable parties. As this Court has already implicitly found that Mrs. Marshall and Pierce were not indispensable parties, the Court should do so again, where the allegations remain the same regarding their status as co-trustees of the Foundations.

actions in this suit.  The only prejudice Preston cites is alleged prejudice to himself if comparative fault is not considered.  That argument is utterly specious.  *See infra*.  Finally, Preston's accusation of forum shopping is unfounded.  Co-trustees can authorize a single trustee to act.  *See* La. R.S. 9:2114.

### D.  The Allegations of Comparative Fault and Failure to Mitigate Were Correctly Rejected by the District Court.

#### 1.  There is Not Any Factual Basis for the Assertion of Comparative Fault Against Mrs. Marshall or Pierce.

The district court rejected Preston's comparative fault and mitigation arguments multiple times as "not…convincing," "unconvincing," and "meritless." ROA.8049, 8583.  As the district court was "repeatedly…unpersuaded by Preston's various mitigation arguments," the district court properly found that the allegations did not rise to a level of genuinely disputed material fact.  ROA.8744.  Preston nevertheless asserts "the court erroneously precluded evidence showing Pierce and Mrs. Marshall are at fault for Peroxisome tax consequences because (1) Pierce refused to divide Peroxisome even after he agreed to the split and a Louisiana court authorized it; and (2) Pierce and [Mrs. Marshall] failed to seek an alternative resolution with Preston whereby Peroxisome could authorize distributions despite Pierce's refusal to divide Peroxisome."  Appellant Brief at 48-49.  There is

absolutely no factual or legal basis for this assertion, and the district court correctly rejected those arguments and granted summary judgment in favor of Dr. Cook.[24]

First, comparative fault was not pled as a defense by Preston in the Damages/Removal Suit, only a vague assertion of a failure to mitigate by Mrs. Marshall and Pierce. ROA.3635-3636. Neither individual had a duty to Preston to mitigate damages suffered by the Foundations. Second, the district court, when granting summary judgment on removal, stated that "Preston's primary argument against removal, that Dr. Cook and others failed to mitigate damages by, among other things, failing to sue him sooner, is not a convincing argument." ROA.8049. The district court was correct.

When Dr. Cook filed the Amended Motion for Partial Summary Judgment on Damages, Preston re-urged his argument on comparative fault based on the failure to divide the Peroxisome Trust. The district court then explained its rejection of this argument in detail:

> Importantly, Preston did not show a genuine dispute of material fact as to the calculations of the annuities or interest in his opposition to the instant motion and instead reiterated defenses and arguments this Court has already rejected. For example, when pressed by the Court in the pretrial conference as to which specific mitigation arguments Preston is still asserting, he responded by arguing (1) that Dr. Cook (or others) could have sued him sooner, an argument this Court has already rejected; (2) that Pierce could have authorized a split of the Peroxisome

---

[24] The proposed division of the Peroxisome Trust was rejected as a defense in the Dec Suit.

Trust in 2013, an argument raised in Preston's opposition to Dr. Cook's first motion for partial summary judgment on damages, … and (3) that Dr. Cook could have sought to enforce this Court's February 26, 2019 Judgment but that he took no action until the filing of this suit in early 2021.

This Court has already explicitly rejected the first argument as unconvincing. *See* R. Doc. 346 at 11. That Order & Reasons addressed both removal and damages and the Court rejected this argument as unconvincing in one of the paragraphs discussing the removal motion, see id. however, Preston made the same argument in his opposition to damages and the Court therefore considers this argument rejected as to both issues. Even if that Order & Reasons is construed as only rejecting the argument as to removal, the Court clarifies explicitly here that it is meritless in the context of damages as well. The second argument above is also rejected and not a genuine dispute of material fact to destroy summary judgment. That Pierce, not a party to this suit, refused to agree with Preston's proposed course of action for the Peroxisome Trust more than ten years ago is not a basis for mitigation of damages by Dr. Cook following Preston's established breaches of fiduciary duty. The Court similarly finds no merit to the third argument, that Dr. Cook could have sought to enforce the judgment sooner. Preston was ordered to authorize the distributions. While Dr. Cook could have sought enforcement sooner, so too could Preston have complied sooner. This is not a fact issue that defeats summary judgment.

ROA.8583-8584.

When Preston moved to reconsider, he sought to again revisit the issue of mitigation as a defense. The district court rejected this attempt as follows:

The Court now turns to the mitigation issue. To be clear, the Court rejected Preston's arguments about mitigation at the summary judgment stage because variations of these arguments have been rejected throughout this litigation, and the Court saw no genuine dispute as to the examples Preston put forward, one of which included that Pierce should have agreed to split the Peroxisome Trust years before this litigation. … The language Preston points to was not the basis on which the Court decided the mitigation question; the Court has repeatedly been unpersuaded by Preston's various mitigation arguments and granted summary judgment in favor of Dr. Cook because it found that Preston's allegations in support of mitigation did not rise to the level of a genuine dispute of material fact. Accordingly, the Court finds no manifest error of law or fact in finding mitigation inapplicable in this lawsuit.

ROA.8744. Preston has shown no disputed material fact or entitlement to judgment as a matter of law.

In rejecting the comparative fault argument in the form of a mitigation defense, the district court was eminently correct. Although entirely irrelevant to this case (and the Dec Suit) as Preston's duties as co-trustee were to the Foundations, which had nothing to do with the division of the Peroxisome Trust, the proposed division of the Peroxisome Trust was not mandated. The state court only authorized the division "upon execution and agreement of same by a majority of the Trustees." ROA.94, 1856. This Court and the district court in the Dec Suit have both held that the Peroxisome Trust "has never been divided" because Pierce has not agreed to the split. ROA.1856, 2239. Although the issue of the division was already decided,

Preston returned to that argument repeatedly.  Even here, he still insists the

Peroxisome Trust should have been divided and the mere fact that it was not puts

Mrs. Marshall and Pierce at fault despite Preston's multiple and continuing breaches.

As the district court found, that "unconvincing" argument fails.

### 2. Pierce and Mrs. Marshall Did Not Owe Preston a Duty to Mitigate as a Matter of Law.

There is also an overarching, flawed legal analysis pervading this entire

argument.  Louisiana Civil Code Article 2002 of the Louisiana Civil Code provides:

> An obligee must make reasonable efforts to mitigate the damage caused by the obligor's failure to perform.  When an obligee fails to make these efforts, the obligor may demand that the damages be accordingly reduced. [25]

The Foundations are the obligees of the Peroxisome Trust.  Pierce and Preston, as

the co-trustees of the Peroxisome Trust, are the Foundations' obligors.  The

obligation to mitigate the damages of the Foundations due to Preston's breaches was

an obligation of Dr. Cook, as co-trustee of TMHF and MLF, alone.  Neither Pierce,

as co-trustee of the Peroxisome Trust, nor Mrs. Marshall owed any such duty.[26]

Under Louisiana law, mitigation of damages is an affirmative defense; it must

be specifically pled.  Additionally, the burden of proof is on the obligor to identify

---

[25] *See* generally Saul Litvinoff, *Damages, Mitigation and Good Faith*, 73 TUL. L. REV. 1161, 1171-1993 (1999).

[26] To the extent Preston argues that Mrs. Marshall and Pierce owed a duty to mitigate as co-trustees of TMHF, the evidence is uncontroverted that they met that duty.  *See infra.*

what reasonable efforts his obligee failed to take to mitigate his damages. As the court in *Chouest v. Chouest* stated, "The scope of a party's duty to mitigate depends on the particular facts of the individual case, and a party is not required to take actions which would likely prove unduly costly or futile… However, the failure to mitigate damages is an affirmative defense, and the burden of proof is on the party asserting the defense." 2018-1484 (La. App. 1 Cir. 12/19/19), 292 So.3d 68, 87 (internal citation omitted).

Preston's pleadings fail to identify any duty that Pierce, as co-trustee of the Peroxisome Trust, owed to Preston to mitigate the Foundations' damages by dividing the Peroxisome Trust[27] or trying to negotiate with Preston.[28] The same is true regarding Mrs. Marshall in any capacity. The failure to mitigate defense applies only in the context of an obligor/obligee relationship, and Pierce, as a co-trustee of the Peroxisome Trust, was not an obligee of Preston, the other co-trustee.[29] Additionally, there is absolutely no support, legal or factual, that Mrs. Marshall had

---

[27] The only defense Preston pled with respect to the division of the Peroxisome Trust was that a pending state court litigation on the matter would moot Dr. Cook's request for removal. ROA.3638.

[28] Besides the audacity and absurdity of suggesting that Mrs. Marshall and Pierce should have tried to pacify Preston, Dr. Cook submits this theory is new, was not reserved for appeal, and thus is waived. *Arredondo v. Elwood Staffing Services, Inc.*, 81 F.4th 419, 428 (5th Cir. 2023).

[29] Pierce is also protected from liability for the breach of trust committed by Preston, his co-trustee. *See* La. Rev. Stat. § 9:2205; *see also Brown v. Schwegmann*, 2002-1509 (La. App. 4 Cir. 12/10/03), 861 So.2d 862, 871.

any duty whatsoever to persuade Pierce to divide the Peroxisome Trust. Preston is simply trying to shift the blame for his own actions.

The seminal case of *Unverzagt v. Young Builders, Inc.*, 215 So.2d 823 (La. 1968), eviscerates Preston's argument. In *Unverzagt*, the Louisiana Supreme Court stated:

> Where the party whose duty it is to perform a contract has equal opportunity for performance and equal knowledge of the consequences of non-performance, he cannot, while the contract is subsisting and in force be heard to say that the plaintiffs might have performed for him. Thus, where one who is bound to indemnify another points out to the latter how he may avoid the loss, the indemnitee is not bound to resort to such means if the indemnitor had an equal opportunity to avail himself thereof.[30]

215 So.2d at 826. It is beyond peradventure that Preston always had the ability to reduce the damages suffered by the Foundations but chose not to do so. It is also beyond dispute that "[t]he doctrine of mitigation of damages does not require a plaintiff to give up valuable legal rights and privileges." *Julius Cohen Jewelers, Inc. v. Succession of Jumonville*, 506 So. 2d 535, 541 (La. App. 1st Cir. 1987). Neither the Foundations nor Pierce were required to waive any of their legal rights or incur obligations for the benefit of Preston.

---

[30] *See also Mabey v. Dixie Elec. Membership Corp.*, No. 06-30774, 2007 WL 2253503, *3 (5th Cir. Aug. 7, 2007).

Even if one were to assume that Pierce had any duty to Preston, which he did not, he satisfied that duty by resolving the tax liabilities of the Peroxisome Trust. Pierce, in performance of his fiduciary duties, did everything possible to address and reduce the tax, penalties, and interest liabilities of the Peroxisome Trust and thus minimize the damages suffered by the Foundations.  ROA.7952-7954.

### 3.  Dr. Cook Has Fully Mitigated Damages.

Dr. Cook did have a duty of mitigation.  It is undisputed that he met that duty. There is no factual dispute that Dr. Cook did everything legally possible to force Preston to comply with his obligations.  ROA.7946-7947.  Dr. Cook instituted two legal actions against Preston.  He pursued Preston as co-trustee of the Peroxisome Trust and personally, as quickly as the judicial process would allow, despite all Preston's efforts to thwart him.  Preston opposed every effort by Dr. Cook to first free the distributions to the Foundations and then to remove Preston as co-trustee and recover damages.[31]

Dr. Cook has also fully mitigated the Foundations' damages as much as possible by having Pierce authorized by the district court to file tax returns for Peroxisome Trust and to negotiate and pay the federal and state tax liabilities of the Peroxisome Trust.  The district court twice found Preston's argument that Dr. Cook

---

[31] As noted by the district court, "It bears repeating that at every state of this litigation, Preston has fought this Court's orders such that this Court even held him in contempt."  ROA.8584.

failed to mitigate damages by not suing sooner "not a convincing argument." ROA.8049; *see also* ROA.8583 ("This Court has explicitly rejected the first argument [that Dr. Cook (or others) could have sued Preston sooner] as unconvincing."). Likewise, this Court should affirm that ruling.

Preston claims that Dr. Cook could have sued for damages sooner and acted sooner to enforce the court's Judgment.[32] Those arguments, which were repeatedly rejected by the district court, fail legally under *Unverzagt*, 215 So.2d at 826, as clearly Preston had the ability to reduce the damages of the Foundations but refused to do so. The arguments also fail factually as Dr. Cook did everything legally possible as quickly as possible to force Preston to comply with his obligations, despite Preston's resistance to every single move he made. Preston neglects to mention that as late as June 2021, Preston was **still** fighting Dr. Cook on addressing tax liability. ROA.2670-2675. After Pierce was finally able to address the tax liabilities **under a court order** (not Preston's compliance), Dr. Cook filed suit less than four months later. ROA.9539. When arguing that Dr. Cook should have moved for the clerk of court to sign distribution authorizations, Preston also completely omits these key facts: (1) Dr. Cook did promptly move for such authorization on March 11, 2019, after Preston refused to comply with the February 2019 Judgment;

---

[32] As has been explained, Preston's allegation that Dr. Cook disclaimed damages in the Dec Suit is wrong. Damages, which were sought personally from Preston, were fully reserved.

(2) Preston filed a motion for a stay, causing a delay in satisfaction of the Judgment; and (3) by the time the stay was lifted in November of 2019, the tax liabilities that had been percolating finally came to fruition in September of 2019 and prevented distributions from being made under 31 U.S.C. § 3713. ROA.1862, 1861-1877, 1883-1904, 2234, 9294, 9299.

Preston's last argument, that Dr. Cook failed to "persuade" Pierce to divide the Peroxisome Trust is absurd. Preston does not explain exactly how Dr. Cook could "convince" Pierce or why Dr. Cook should have advocated for Preston to have sole control over a division of Peroxisome Trust when he had already been found in breach of his fiduciary duties relating to the Peroxisome Trust. Not only is the proposed division of the Peroxisome Trust completely irrelevant to any of this litigation, but Dr. Cook also had no duty at all to the Peroxisome Trust or Preston to accomplish something he had no part in and that was not mandated to any degree.

## VI.   CONCLUSION

For the above and foregoing reasons, this Court should affirm summarily the district court's judgments in all respects. The district court correctly denied Preston's motion to dismiss based on *res judicata* and failure to join necessary and indispensable parties. The district court also correctly granted summary judgment on damages, rejecting Preston's legally and factually inaccurate defenses of mitigation and comparative fault.

Respectfully submitted:

/s/ *Philip K. Jones, Jr.*
Philip K. Jones, Jr. (Bar #7503)
Kelly T. Scalise (Bar #27110)
**Liskow & Lewis, APLC**
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
pkjones@liskow.com
ktscalise@liskow.com

Michael Reese Davis (Bar #17529)
Tim P. Hartdegen (Bar #27496)
**Hymel Davis & Petersen, L.L.C**
10602 Coursey Boulevard
Baton Rouge, LA 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119
MDavis@hymeldavis.com

*Counsel for Dr. Stephen D. Cook, in his capacity as Co-Trustee of The Marshall Heritage Foundation and as Co-Trustee of Marshall Legacy Foundation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of August, 2024, I electronically filed the foregoing with the Office of the Clerk for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

/s/ *Philip K. Jones, Jr.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies as follows:

1.     This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 12,718 words excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionately spaced typeface using Microsoft Word 2007 in Times New Roman 14-point font for text and 12-point font for footnotes.

/s/ *Philip K. Jones, Jr.*
Attorney for Dr. Stephen D. Cook, in his capacity as Co-Trustee of The Marshall Heritage Foundation and as Co-Trustee of Marshall Legacy Foundation

August 9, 2024

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that: (1) required privacy redactions have been made pursuant to this Court's Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to this Court's Rule 25.2.1, and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection version 14.2. and is free of viruses.

This 9th day of August, 2024.

/s/ *Philip K. Jones, Jr.*
Attorney for Dr. Stephen D. Cook, in his capacity as Co-Trustee of The Marshall Heritage Foundation and as Co-Trustee of Marshall Legacy Foundation